**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| O.L., by and through her mother, V.L., and V.L.,<br><br>  Plaintiffs,<br><br>           v.<br><br>COBB COUNTY SCHOOL DISTRICT, ALVIN THOMAS, NAKIA COTTON, and JESSICA COLEMAN,<br><br>  Defendants. | Civil Action No.<br>1:23-cv-03285-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendants' motion to bifurcate trials [ECF 25]. After careful consideration, Defendants' motion is **DENIED WITHOUT PREJUDICE**.

**I.   BACKGROUND**

O.L. is a minor child with learning disabilities.[1] V.L. is O.L.'s mother.[2] Together, they are suing the Cobb County School District and three of its employees for allegedly failing to provide O.L. with an adequate and discrimination-free education.[3] Plaintiffs' suit has two parts. The first part appeals a state administrative law judge's ruling from a hearing conducted pursuant to the

---

[1]   ECF 1, ¶ 1.

[2]   *Id.* ¶ 2.

[3]   *Id.* at 81.

Individuals with Disabilities Education Act (IDEA).[4] The second part brings claims—arising out of the same facts underlying the IDEA appeal—under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983.[5]

## II.   DISCUSSION

Defendants' motion to bifurcate is, in effect, a request that the Court stay litigation on Plaintiffs' ADA, Section 504, and Section 1983 claims until it rules on the IDEA administrative appeal.[6] Defendants have framed their request as a motion pursuant to Fed. R. Civ. P. 42(b), under which courts have "broad discretion," *Harrington v. Cleburne Cnty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001) (per curiam), to "order a separate trial of one or more . . . claims" to serve its own convenience, avoid prejudice, or "expedite and economize" proceedings.

Defendants urge that bifurcation advances the purposes of Rule 42(b). First, they argue, bifurcation will help the Court manage its docket by separating the IDEA appeal from the procedurally distinct non-IDEA claims.[7] Second, they argue

---

[4]   *Id.*

[5]   *Id.* at 82.

[6]   *See, e.g.*, ECF 25, at 16 (asking Court to either bifurcate claims or "stay any response, briefing, or discovery on the non-IDEA claims until the Court rules on the IDEA claim").

[7]   ECF 25, at 11.

that bifurcation will prevent prejudice to Defendants by ensuring that facts uncovered during discovery on the non-IDEA claims do not color the Court's analysis of the IDEA appeal.[8] And third, Defendants posit that bifurcation will expedite and economize proceedings because resolution of the IDEA appeal will preclude parts of Plaintiffs' non-IDEA claims.[9]

Defendants fail to justify why the Court should bifurcate *now*. Rule 42(b) contemplates the bifurcation of "trials." And this case is nowhere near trial. A closer look at Defendants' arguments confirms that, indeed, their Rule 42(b) motion is premature. First, as much as Defendants foresee this case devolving into unmanageable complexity, the Court is well-seasoned in handling complex cases and at present this one is not. Second, Defendants' concern that the Court will confuse or misapply clearly established discovery rules is for now merely speculative, if only because discovery has not yet commenced. And third, the preclusion analysis that Defendants promise will promote efficiency is more efficiently conducted in the context of a dispositive motion. Bifurcation can wait.

Plaintiffs, by contrast, should not have to wait any longer. Plaintiffs have alleged that O.L.'s development is being actively stunted by the denial of critical

---

[8]   *Id.* at 10.

[9]   *Id.* at 13.

educational services.[10] They desire prompt access to the resources to which O.L. is entitled, and worry that litigating their claims successively instead of concurrently will delay access and exacerbate ongoing harm.[11] If Plaintiffs' allegations are true, then their sense of urgency is justified. Preemptively forcing them along a circuitous procedural detour is not only inefficient and inconvenient but potentially unfair. The purposes of Rule 42(b) are best served by keeping Plaintiffs' case together.

### III.   CONCLUSION

Defendants' motion to bifurcate [ECF 25] is **DENIED WITHOUT PREJUDICE**. Defendants are **ORDERED** to file their Answer or otherwise respond to the Complaint within 14 days after entry of this Order.

**SO ORDERED** this 12th day of February, 2024.

                                                                               Steven D. Grimberg
                                                                               United States District Court Judge

---

[10]   *E.g.*, ECF 1, ¶ 65.

[11]   ECF 27, at 3–5.