IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| O.L., by and through her mother, V.L, and V.L., <br><br> Plaintiffs, <br><br> v. <br><br> COBB COUNTY SCHOOL DISTRICT ALVIN THOMAS, NAKIA COTTON, and JESSICA COLEMAN, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:23-cv-03285-SDG |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL DISMISSAL**

Cobb County School District ("CCSD" or "District"), Alvin Thomas, Nakia Cotton, and Jessica Coleman (collectively, the "CCSD Defendants"), Defendants in the above-styled matter, file this reply brief in support of their Motion for Partial Dismissal [Doc. 36, 36-1] , showing this Court as follows:

**INTRODUCTION**

Plaintiffs' opposition to CCSD Defendants' Partial Motion to Dismiss rests on conclusory statements about CCSD's efforts to evaluate O.L., identify her disability, and develop a plan to educate her based on her sudden and dramatic change in functioning after she took prescribed medication. And, in Plaintiffs'

efforts to respond to the CCSD Defendants' Motion for Partial Dismissal, Plaintiffs erroneously characterized the motion filing, a procedural right Defendants exercised in defense and protection of their interests, as an attempt to delay the case and provide services to O.L. Such characterization, like their opposition in general, misrepresents Defendants' legitimate legal actions.

Overall, Plaintiffs' response does not address Defendants' substantive arguments, tries to raise new factual allegations not in their Complaint,[1] and makes arguments based on misplaced legal standards. Beyond those problems, Plaintiffs have failed to point to factual allegations in their Complaint that plausibly show

---

[1] Plaintiffs' Response tries to "trojan horse" in allegations that are not in their Complaint. For example, Plaintiffs state in their Response that "Thompson [sic], the principal of the middle school, discriminated and retaliated against O.L. by not … allowing O.L. to access her school assignments" [Doc. 37 at p. 18.] Plaintiffs also allege "CCSD's alleged wrongful actions were taken by its top administrators and supervisors with the control and authority of CCSD to do exactly what they did." [*Id*. at p. 19] And Plaintiffs state that "Thomas was making discriminatory policy at his school to intentionally discriminate and retaliate against Plaintiffs." [*Id*.] These specific allegations are not in their Complaint. A plaintiff may not amend a pleading through a response to a dispositive motion. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."); *Gilmour v. Gates, McDonald and Co*., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a [responsive] brief."); *Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015) ("A complaint may not be amended by briefs in opposition to a motion to dismiss."). Thus, this Court should disregard new allegations in Plaintiffs' response brief.

Defendants intentionally discriminated against Plaintiffs such that Plaintiffs' discrimination claim should survive or that CCSD has an official policy, practice, or custom that deprived Plaintiffs of a constitutional or federal statutory right such that their equal protection claim should survive. Their Complaint is also deficient in that Plaintiffs have failed to plead the relief they seek, but to the extent they seek non-economic damages, they are not available for Plaintiffs' 504 or ADA claims.

Aside from Plaintiffs' failed attempt to obscure the issues and conflate the legal standards required for their claims, Plaintiffs present little else to survive Defendants' Motion to Dismiss. For these reasons, this Court should dismiss Counts I and III of Plaintiffs' Complaint.

## ARGUMENT AND CITATION TO AUTHORITY

### I. Plaintiffs' Own Allegations that CCSD Officials Offered Educational Services to O.L. Foreclose Any Theory of Deliberate Indifference.

Plaintiffs' ADA and Section 504 discrimination claim (Count I) fails because they have not plausibly alleged deliberate indifference by CCSD. Under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, an organizational defendant is deliberately indifferent only if it "*knew* that harm to a federally protected right was substantially likely and . . . failed to act on that likelihood." *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 344 (11th Cir. 2012) (emphasis in original). And for the response to be deliberately indifferent, it

must have been "clearly unreasonable in light of the known circumstances." *Cf. Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1259 (11th Cir. 2010) (Analyzing deliberate indifference standard under Title IX).[2]

Importantly, an official's "[a]ctions and decisions . . . that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference…" *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998). And "[w]hile an institutional response…may be carried out so inartfully as to render it clearly unreasonable, courts have no roving writ to second-guess an educational institution's choices…" *Snethen v. Bd. of Educ. for City of Savannah*, No. 406CV259, 2008 WL 766569, *3 (S.D. Ga. Mar. 24, 2008) (citing *Fitzgerald v. Barnstable Sch. Comm.*, 504 F.3d 165, 175 (1st Cir. 2007)) (internal citations and quotation marks omitted). Plaintiffs do not have a right "to make particular remedial demands" of a school district. *See Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648 (1999).

Here, the allegations in Plaintiffs' Complaint preclude any theory of deliberate indifference. Though Plaintiffs argue CCSD intentionally discriminated and retaliated against Plaintiffs by providing, what they contend were limited

---

[2] When adjudicating Title II and Section 504 cases, courts look to Title IX precedent for guidance. *See, e.g.*, *Silberman*, 927 F.3d at 1135-36; *Liese*, 701 F.3d at 346-49.

services, [*See e.g.,* Doc. 1 ¶ 57, Doc. 37 at p. 8], their arguments simply show that they are dissatisfied with the services provided and the amount and type of services that CCSD offered to O.L. Plaintiffs' own factual allegations and arguments in opposition to Defendants' motion for partial dismissal show CCSD allowed O.L. to access education [Doc. 1 ¶¶ 46, 49, Doc. 37 at p. 6], convened Section 504 meetings [Doc. 1 ¶¶ 20, 23, 26, Doc. 37 at p. 5], offered services and accommodations to O.L. [Doc. 1 ¶¶ 23, 27, 57, Doc. 37 at p. 6], recommended hospital homebound instruction and services in the home [Doc. 1 ¶¶ 23, 37, 57, Doc. 37 at p. 6], and provided O.L. an individualized education program ("IEP") under the Individuals with Disabilities Education Act ("IDEA"), [Doc. 1 ¶ 59, Doc. 37 at p. 7], which among other things, provided O.L. with a home teacher [Doc. 1 ¶ 56, Doc. 37 at p. 7].

Plaintiffs' contention stems from their disagreement with CCSD's efforts to provide O.L. services and their disappointment that CCSD did not agree to their demands. Construing Plaintiffs' allegations in the light most favorable to Plaintiffs, they allege, at best, disapproval of CCSD's actions—not deliberate indifference. Because Plaintiffs have failed to allege deliberate indifference, their Section 504 and ADA discrimination claim (Count I) must fail.

## II. **Plaintiffs Have Not Plausibly Pled an Official Policy, Practice, or Custom by CCSD Necessary to Impose Institutional Liability under § 1983.**

It is apparent from Plaintiffs' response that they have not alleged an official

CCSD policy that was the driving force behind the alleged constitutional violations. [*See generally* Doc. 37 at pp. 17-21.] Rather, Plaintiffs attempt to argue they pled institutional liability under theories that (1) CCSD had a custom that led to O.L.'s alleged injury, and (2) that a final decisionmaker was aware of the alleged discrimination, was in a position to stop it, and did not do so. [*Id*. at p. 21.] This argument misses the mark because their own factual allegations preclude either theory.

First, to show that CCSD maintained an unconstitutional custom, Plaintiffs must allege facts showing that the alleged discrimination and retaliation resulted from rampant, flagrant, and long-standing unconstitutional misconduct that CCSD tacitly endorsed. *See Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Plaintiffs, however, have not done so. Instead, Plaintiffs make conclusory statements that "CCSD has a well-established practice of intentional discrimination against disabled students who require an education in the home by either denying them any education or by providing them a discriminatory amount." [Doc. 37 at p. 22.] To support this conclusory statement and attempt to establish an official policy and custom, Plaintiffs simply assert "[t]his is not a one time, random, isolated event for CCSD." [Doc. 37 at p. 22.] This is not enough.

Plaintiffs' knowledge that they have failed to assert sufficient facts to support an argument that CCSD has an official policy and custom of intentional discrimination and retaliation is highlighted by Plaintiffs' assertion that they will essentially attempt to go on a fishing expedition to "prove through discovery how it is Defendants' practice to unlawfully deny homebound instruction to disabled students and unlawfully limit it when it is allowed." [Doc. 37 at p. 19, n. 4.] In all, Plaintiffs fail to provide factual allegations that CCSD has an official or unofficial policy or custom of discrimination or retaliation. Mere conclusory statements are insufficient and should be disregarded by the Court. *See McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (explaining that courts should disregard conclusory allegations when deciding whether a complaint survives a motion to dismiss).

Plaintiffs fare no better under the final policymaker theory. To qualify as a final policymaker, the CCSD official "must have had such authority that her decisions and action were effectively the policy of the public body." *D.H. ex rel. Dawson v. Clayton Cnty. Sch. Dist.*, 904 F. Supp. 2d 1301, 1308 (N.D. Ga. 2012). And for institutional liability to attach, that official must "have acquiesced in a longstanding practice that constitutes the entity's standard operating procedure" or "adopt[ed] or ratifie[d] the unconstitutional act or decision of a subordinate." *Vandiver v. Meriweather Cnty., Ga.*, 325 F. Supp. 3d 1321, 1328 (N.D. Ga. 2018).

Though Plaintiffs contend that the individual defendants were "high ranking" [Doc. 37 at p. 17], they have not pled facts showing that the individual defendants in fact were final policymakers or that they acquiesced to, adopted, or ratified any alleged unconstitutional practice. Thus, Plaintiffs have failed to establish an official policy, practice, or custom by CCSD necessary to impose institutional liability under § 1983. Their § 1983 claim (Count III), must therefore be dismissed.

### III. Plaintiffs Have Failed to Identify Established Law Necessary to Overcome the Individual Defendants' Qualified Immunity.

Plaintiffs have failed to identify clearly established law necessary to overcome the individual defendants' qualified immunity. Plaintiffs cite no case law in their response brief showing that the individual defendants' alleged conduct violated established statutory or constitutional rights of which a reasonable person would have known to waive immunity. Further, Plaintiffs fail to point to any law showing the individual defendants engaged in any conduct whatsoever that violates the Constitution or a statutory right. Instead, Plaintiffs' allegations show that the individual defendants tried to provide O.L. with a free appropriate public education ("FAPE"), but Plaintiffs disagreed with the individual defendants' efforts. Because Plaintiffs have not set forth any actions allegedly taken by the individual defendants showing they engaged in conduct that violates clearly established statutory or constitutional rights of which a reasonable person would have known, they are

entitled to qualified immunity. As such, Plaintiffs' § 1983 claim (Count III) must be dismissed for this reason, as well.

## IV. Contrary to Plaintiffs' Opposition, Non-Economic Damages are Not Allowed.

Plaintiffs misstate the damages available and the level of specificity required in their pleading. In an effort to clarify the damages allowed for Plaintiffs' claims (as specified in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1569 (2022)), Defendants filed its Motion for Partial Dismissal.

Plaintiffs argue they have sufficiently pled the special damages they seek as required by F.R.C.P. 9(g). But Plaintiffs then also state that Defendants' argument about Plaintiffs' potential exclusion of specific damages in its Complaint is not yet ripe.[3] Plaintiffs say that their "special damages" are listed in Paragraphs 55, 67-69 of their Complaint, and argue that these paragraphs comply with applicable pleading requirements. V.L. argues that Defendants' alleged retaliation has caused her "health issues, fear, depression and grave concerns." [Doc. 1, ¶ 68.] They also allege "ongoing harm." [*Id*.] Plaintiffs argue that they are entitled to "all the damages caused" as allowed by law. [Doc. 1, ¶ 69.]

---

[3] Plaintiffs argue that "the law" did not require them to assert punitive or emotional distress damages in their Complaint. [Doc. 37 at p. 16.] Defendants disagree and again state that the lack of specificity in Plaintiffs' Complaint prejudices Defendants.

Plaintiffs inaccurately argue that the holding in *Cummings* does not apply in this matter. The damages available under the ADA were addressed explicitly in *A.W. by & through J.W. v. Coweta Cnty. Sch. Dist.*, No. 3:21-CV-218-TCB, 2022 WL 18107097, at *3 (N.D. Ga. Nov. 16, 2022). In *A.W.*, the court relied on the *Cumming's* decision to hold that the Rehabilitation Act does not provide recovery for damages for emotional distress, which in turn applies to damages under ADA. *Id*. ("The ADA's remedies provision incorporates the related provision from the Rehabilitation Act, and the Supreme Court has held that the Rehabilitation Act does not provide recovery for damages for emotional distress.") In its decision, the judge cited five other cases that held that based on the *Cummings* decision, relief that is unavailable under the Rehabilitation Act is likely not available under the ADA either. *Id*. at *3-4 (citations omitted). The court then stated it was unaware of any cases that contradict this analysis. *Id.* at *4.

The authority is clear that the limitation of damages available under the Rehabilitation Act as a result of the *Cummings* decision applies to damages available the ADA too. Because of how vaguely Plaintiffs have pled some of the relief they seek, Defendants seek a ruling (1) giving clear guidance on the limited breach of contract type damages allowed under this matter, and (2) precluding any non-economic damages Plaintiffs may seek.

## **CONCLUSION**

For these reasons, Defendants ask this Court to grant their Motion for Partial Dismissal and dismiss Counts I and III with prejudice.

Respectfully submitted this 25th day of March, 2024.

*/s/ MaryGrace B. Kittrell*
Reagan G. Sauls
Georgia Bar No. 311422
MaryGrace B. Kittrell
Georgia Bar No. 330653
Sheneka S. Lodenquai
Georgia Bar No. 810860
*Counsel for Defendants Cobb County School District, Alvin Thomas, Nakia Cotton, and Jessica Coleman*

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree St., N.E., Suite 1500
Atlanta, GA  30309
678.690.5750 (phone)
reagansauls@parkerpoe.com
marygracekittrell@parkerpoe.com
shanekalodenquai@parkerpoe.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

This 25th day of March, 2024.

/s/ MaryGrace B. Kittrell
Reagan G. Sauls
Georgia Bar No. 311422
MaryGrace B. Kittrell
Georgia Bar No. 330653
Sheneka S. Lodenquai
Georgia Bar No. 810860
*Counsel for Defendants Cobb County School District, Alvin Thomas, Nakia Cotton, and Jessica Coleman*

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree St., N.E., Suite 1500
Atlanta, GA  30309
678.690.5750 (phone)
404.869.6972 (facsimile)
reagansauls@parkerpoe.com
marygracekittrell@parkerpoe.com
shanekalodenquai@parkerpoe.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL** with the Clerk of Court using the CM-ECF System which will automatically send email notification of such filing to the following counsel of record:

>Chris E. Vance
>2415 Oak Grove Valley Road, Suite 100
>Atlanta, GA 30345
>chris@chrisvancepc.com

Submitted this 25th day of March, 2024.

>*/s/ MaryGrace B. Kittrell*
>Reagan G. Sauls
>Georgia Bar No. 311422
>MaryGrace B. Kittrell
>Georgia Bar No. 330653
>Sheneka S. Lodenquai
>Georgia Bar No. 810860
>*Counsel for Defendants Cobb County School District, Alvin Thomas, Nakia Cotton, and Jessica Coleman*

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree St., N.E., Suite 1500
Atlanta, GA  30309
678.690.5750 (phone)
404.869.6972 (facsimile)
reagansauls@parkerpoe.com
marygracekittrell@parkerpoe.com
shanekalodenquai@parkerpoe.com

-13-